```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**SHEILA DAWN MILLER,**

    **Plaintiff,**

**v.**                                    **Civil Action No. 2:06-00879**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION

Pending before the court are the parties' respective motions for judgment on the pleadings. (Doc. Nos. 11, 12.) By Standing Order entered on August 1, 2006, and filed in this case on October 18, 2006, this matter was referred to United States Magistrate Judge Mary E. Stanley. (Doc. No. 4.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs the magistrate judge to submit proposed findings and recommendations concerning the disposition of this matter. (Id.) On February 25, 2008, the magistrate judge submitted her Proposed Findings and Recommendations ("PF & R"). (Doc. No. 16.) On March 11, 2008, plaintiff submitted timely objections to the PF & R. (Doc. No. 17.) Accordingly, the court has undertaken a de novo review of the plaintiff's objections.

**I.    Plaintiff's Objections**

The plaintiff objects to Magistrate Stanley's PF & R, arguing that the Commissioner's decision was not based upon

substantial evidence where the Administrative Law Judge ("ALJ") erred by failing to ask the vocational expert if his testimony was consistent with the Dictionary of Occupational Titles, United States Department of Labor, Employment and Training Administration, Volume One (4th ed. 1991)("DOT"), and by failing to consider the plaintiff's obesity during the five-step analysis. (Doc. No. 17.)

**II. Standard of Review**

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

**III. Analysis**

**A. Social Security Ruling 00-4p**

Occupational evidence provided by a vocational expert should be consistent with the occupational information supplied by the DOT. SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4). When there is

an apparent, unresolved conflict between the vocational expert and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the vocational expert's evidence to support a determination or decision about whether the claimant is disabled. (Id.) Neither the DOT nor the vocational expert automatically "trumps" when there is a conflict. (Id.) The ALJ must resolve the conflict by determining whether the explanation given by the vocational expert is reasonable and provides a basis for relying on the vocational expert's testimony rather than on the DOT information. (Id.) Even if it is determined that the vocational expert's testimony is inconsistent with the DOT, the inconsistency will not be fatal where substantial evidence exists in other portions of the record that can form an appropriate basis to support the result. Rutherford v. Barnhart, 399 F.3d 546, 557 (3d Cir. 2005) (citing Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004).

In the instant case, the ALJ found the plaintiff capable of performing medium exertional work activity with an occasional ability to climb, limited to "repetitive style, routine work with no attention to detail where the handling of money or exchange of money is not involved." (Doc. No. 10 at 21.) After hearing the testimony of James Jones, a vocational expert, the ALJ determined that there were jobs in significant numbers in the national economy that the plaintiff could perform. (Id. at 22-23.)

Specifically, the ALJ found that the plaintiff could perform the jobs of "Day Worker"[1] and "Sandwich Maker."[2]  (Id. at 22.) Although the record shows that Mr. Jones was not asked whether his testimony was consistent with the job descriptions found in the DOT, the ALJ found that the testimony of Mr. Jones was consistent with the job descriptions set forth in the DOT.  (Id.)

The plaintiff now argues that the job descriptions set forth in the DOT are inconsistent with the testimony of Mr. Jones because "the jobs identified by the vocational expert required greater reasoning ability than the [ALJ] found [the plaintiff] possessed."  (Doc. No. 17 at 2.)  The plaintiff places emphasis on the DOT descriptions for both the job of "Sandwich Maker" and "Day Worker" because those descriptions include a General Education Development ("GED") reasoning development level of two which is, in turn, defined as the ability to "apply commonsense

---

[1]  A "day worker" performs any combination of the following domestic duties: cleans and dusts furnishings, hallways, and lavatories, changes and makes beds, washes and irons clothing by hand or machine, vacuums carpets, may watch children to keep them out of mischief, and may wash windows and wax and polish floors. DOT § 301.687-014.

[2]  A "sandwich maker" prepares sandwiches to individual order of customers; receives sandwich orders from customers; slices cold meats and cheese by hand or machine; selects and cuts bread, such as white, whole wheat, or rye, and toasts or grills bread slices; places meat or filling and garnish, such as chopped or sliced onion and lettuce, between ingredients to make dressings, fillings, and spreads; may fry hamburgers, bacon, steaks, and eggs for hot sandwiches; and may butter bread slices, using knife. DOT § 371.664-010.

understanding to carry out detailed but uninvolved written or oral instructions . . . deal with problems involving few concrete variables in or from standardized situations." DOT, App. C.

The court in Meissl v. Barnhart, 403 F. Supp. 2d 981, 984 (C.D. Cal. 2005), held that a residual functional capacity limiting the plaintiff to "simple, routine, repetitive, concrete, tangible tasks" did not conflict with a finding that the plaintiff could perform jobs listed under a GED reasoning development level of two. The court reasoned that the use of the word "detailed" in the GED level two definition was qualified by the word "uninvolved." (Id.) Other courts have also come to a similar conclusion. See, e.g., Hackett v. Barnhart, 395 F.3d 1168, 1175 (10th Cir. 2005)(stating that "level-two reasoning appears more consistent with Plaintiff's RFC" to "simple and routine work tasks").

The court here finds that Mr. Jones' finding that the plaintiff can perform the duties of a "Sandwich Maker" and "Day Worker" is consistent with the descriptions for those jobs as stated in the DOT. Indeed, the plaintiff's own description of her daily activities demonstrates that she is capable of performing the tasks of "Sandwich Maker" and "Day Worker." For instance, the plaintiff testified that her daily activities include working jigsaw puzzles, reading, using the computer, managing family finances, paying the bills, getting the children

ready for school, watching television, doing laundry, vacuuming, helping the children with homework, shopping, and receiving visits from friends. (Doc. No. 10 at 18.) Moreover, the record also reflects that the plaintiff has no difficulty maintaining social functioning. (Id.)

Although the ALJ failed to fully develop the record by properly questioning the vocational expert, that failure is clearly harmless as the ALJ's consistency determination is supported by substantial evidence. Accordingly, the plaintiff's objection to the contrary is rejected.

**B.   Social Security Ruling 02-1p**

Social Security Ruling 02-1p requires a consideration of obesity at various points in the five step analysis, but where an explicit discussion of the claimant's obesity will not affect the outcome of the case, remand is inappropriate. See Rutherford v. Barnhart, 399 F.3d 546, 552-553 (3d. Cir. 2005) (citing Skarbek v. Barnhart, 390 F.3d 500 (7th Cir. 2004).

In the instant matter, the ALJ did not explicitly discuss the plaintiff's obesity even though the record listed the plaintiff's height at five feet, four inches and the plaintiff's weight at two hundred and six pounds. (Doc. No. 17 at 4.) The plaintiff did not, however, specifically claim obesity as an impairment, nor has the plaintiff specified how her "moderate obesity" has impaired her ability to work as a "Sandwich Maker"

or "Day Worker." (Doc. No. 10 at 68, 87.) While Dr. Gael diagnosed mild exogenous obesity on one occasion, he never indicated that the plaintiff was limited because of her obesity. Moreover, the physical residual functional capacity assessment completed by the state agency medical source on March 9, 2005, and implicitly adopted by the ALJ, indicates that the source considered the plaintiff's weight in concluding that the plaintiff could perform medium level work, reduced by nonexertional limitations.

Accordingly, the court finds that requiring the ALJ to discuss the plaintiff's obesity explicitly will not affect the outcome of the case. A remand is inappropriate, and the plaintiff's objection to the contrary is rejected.

**IV. Conclusion**

The plaintiff has failed to direct the court to any matters on which the conclusion of the Commissioner was not supported by substantial evidence. Accordingly, for the reasons set forth above, plaintiff's objections to the magistrate judge's PF & R are hereby **OVERRULED**. In an accompanying Judgment Order, the court adopts the factual and legal analysis contained within the Proposed Findings and Recommendation, denies plaintiff's motion for judgment on the pleadings (Doc. No. 11), grants defendant's motion for judgment on the pleadings (Doc. No. 12), affirms the

final decision of the Commissioner, and dismisses this matter from the court's active docket.

The Clerk is directed to provide a copy of this Memorandum Opinion to all counsel of record.

It is **SO ORDERED** this 19th day of March, 2008.

ENTER:

*David A. Faber*

David A. Faber
United States District Judge